UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WALNUT CREEK, et al.,<br><br>Defendants. | Case No. 20-cv-02721-PJH<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 25 |

Before the court is plaintiff's motion for leave to serve new defendants. On April 20, 2020, plaintiff filed his initial complaint. Dkt. 1. After the court granted plaintiff's motion to proceed in forma pauperis, defendants filed a motion to dismiss the complaint on June 10, 2020. Dkt. 12. On July 13, 2020, plaintiff filed a First Amended Complaint ("FAC," Dkt. 24) and the pending motion to add new defendants pursuant to Federal Rule of Civil Procedure 15(d), Dkt. 25. The court then ordered defendants to file a response to the present motion as well as a responsive pleading or motion to dismiss the FAC. Dkt. 30.

Plaintiff moves the court to serve his FAC on the new defendants that he names in the FAC pursuant to Rule 15(d). Dkt. 25 at 1. Federal Rule of Civil Procedure 15(d) provides the mechanism for supplemental pleading: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) enables a plaintiff to "introduce[ ] a cause of action not alleged in the original complaint and not in existence when the

1  original complaint was filed." Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir.1998) (internal quotation and citation omitted).  "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citations and internal quotation marks omitted).  The standards for granting a motion for leave to serve a supplemental are the same as those for granting a motion to file an amended complaint under Rule 15(a).  See Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("[L]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.").

In turn, Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").  Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive.  Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pac. Properties & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). While courts should consider all such factors, "the crucial factor is the resulting prejudice to the opposing party."  Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

Here, the conduct alleged in the original complaint related to an April 20, 2018 incident that took place at the Heather Farms Skate Park where seventeen teenagers and adults allegedly conspired to deny the use of the skate park to plaintiff.  Plaintiff further alleged that defendants made false reports concerning child abuse by plaintiff. Plaintiff's FAC includes some of the allegations from the complaint concerning the skate park but also includes hundreds of pages of separate incidents occurring in 2018 through 2020 and involving dozens of new defendants who plaintiff wants to add to this action.

Rule 15(d) requires an inquiry into the conduct that has occurred after the date of

the pleading to be supplemented. In this case, plaintiff's original pleading was filed on April 20, 2020, so the only relevant conduct for purposes of Rule 15(d) is that which occurred after that date. It appears that the conduct occurring after April 20, 2020 begins at paragraph 407 and continues to paragraph 444 of the FAC. Generally, the conduct alleged involves several other lawsuits to which plaintiff is a party. See, e.g., ¶ 408 (discussing new lawsuit against various persons); ¶427 (alleging intentional falsification of record); ¶ 432 (discussing notice regarding a June 22, 2020 hearing); ¶ 441 (discussing remand of case back to state superior court). What is clear is that this new conduct has nothing to do with the events that transpired in April 2018 and at the very least could be characterized as separate, distinct causes of action.[1]

Amendment under Rule 15(d) is favored and the fact that supplemental conduct may involve new claims is not a reason by itself to deny the motion. See Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) ("The clear weight of authority, however, in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." (citation omitted)). The problem here is that permitting new claims and new defendants would not promote an economic and speedy disposition of this case.[2] Adding new defendants would dramatically expand the scope of this case to events and transactions that have no apparent relation to the original conduct alleged in the complaint. Moreover, plaintiff has apparently already instituted an action, currently proceeding before Judge Chesney, against the defendants he seeks to serve. See Wilson v. Mount Diablo Unified Sch. Dist., et al., Nos. 19-cv-3441-MMC, 20-cv-3368-MMC. Thus, adding new defendants here would only serve to delay the proceedings.

---

[1] The court only assumes for purposes of this order that the newly alleged conduct could constitute a new cause of action. As defendants point out, plaintiffs allegations are largely a chronological diary of his interactions with other parties and relating to events and transactions that have no relation to the original complaint. Dkt. 33 at 8.
[2] The court is in receipt of an administrative motion from plaintiff requesting the court consider whether granting his motion will promote judicial efficiency. Dkt. 37. The court has considered such a factor in resolving plaintiff's motion.

3

Defendants argue that they will suffer prejudice if the court were to grant plaintiff's motion because it would require extensive investigation into the various matters alleged in the more than 600 pages of the FAC. Dkt. 33 at 11.[3] The court agrees with defendants. Because plaintiff is already proceeding on claims before other courts in this district, it would be prejudicial to permit him to duplicate those proceedings here.

For the foregoing reasons, the court DENIES plaintiff's motion for leave to serve new defendants.

**IT IS SO ORDERED.**

Dated: August 7, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[3] The court reminds defendants that they must adhere to the Civil Local Rules, including Rule 3-4(c)(2), and that all footnotes may not be smaller than 12-point standard font.