UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br>Plaintiff,<br>v.<br>CITY OF WALNUT CREEK, et al.,<br>Defendants. | Case No. 20-cv-02721-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO EXTEND BRIEFING**<br><br>Re: Dkt. Nos. 34, 53 |

Before the court is defendants City of Walnut Creek, Darryl R. Saffold, Gary Silva, Scott Brian Moorhouse, Sean Michael Conley, and Thomas Edward Chaplin's (collectively, "defendants") motion to dismiss. The matter is fully briefed and suitable for resolution without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court GRANTS the motion, for the following reasons.

**BACKGROUND**

On April 20, 2020, plaintiff Michael Geary Wilson ("plaintiff") filed a complaint alleging twenty claims: (1) fraud in preventing orders and judgments; (2)–(8) violations of 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986; (9) civil extortion; (10) intentional infliction of emotional distress; (11)–(13) violations of the Bane Act, Cal. Civ. Code § 52.1; (14) false imprisonment; (15) false light invasion of privacy; (16)–(17) defamation; (18) negligence; (19) negligent hiring, supervision, or retention; and (20) parental negligence. Dkt. 1.

On July 13, 2020, plaintiff filed a first amended complaint ("FAC") that brings the same claims as his original complaint as well as twenty-seven other claims (for a total of

forty-seven claims). Dkt. 24.  The FAC, spanning over six hundred pages, also purported to name dozens of new defendants.  Plaintiff filed a motion for leave to serve these new defendants, (Dkt. 25), which the court denied on July 20, 2020, (Dkt. 30).

Plaintiff alleges that on April 20, 2018, he was involved in a confrontation at the Heather Farms Skate Park in Walnut Creek.  FAC ¶ 87.  Plaintiff and two minors under his supervision, C.C. and D.A., encountered a group of approximately fourteen people in the park who were smoking marijuana and tobacco and using profanities.  Id. ¶ 87.a.  Plaintiff approached these individuals asking them to cease using profanities, but the individuals rebuffed plaintiff and then directed insults and threw items at plaintiff.  Id. ¶¶ 87.b–c.  Plaintiff called the Walnut Creek Police Department and the Department dispatched defendants Saffold and Silva to the park.  Id. ¶¶ 87.d–e.

Plaintiff attempted to explain his version of events to the officers, but some of the other individuals accused plaintiff of wanting to touch children.  Id. ¶¶ 87.f–g.  Plaintiff recounted to the officers that some of the individuals made him fear for his, C.C.'s and D.A.'s safety and the officers invited plaintiff to leave the park, which he declined.  Id. ¶ 87.h.  Plaintiff alleges that defendants Saffold and Silva intimidated him, accusing plaintiff of pretending to fear for the lives of C.C. and D.A. and indicating that plaintiff should have left the park.  Id. ¶ 87.i.  Saffold and Silva requested a supervisor, defendant Moorhouse, who later arrived on the scene.  Id. ¶¶ 87.j–k.

Plaintiff discussed with Moorhouse the preceding events and Moorhouse indicated that the officers would ensure that everyone would follow the park rules.  Id. ¶ 87.k.  Eventually D.A. and C.C. were able to use the park and the officers departed.  Id. ¶¶ 87.m–p.  More individuals arrived at the park, one of whom called the Walnut Creek Police Department and made a false report against plaintiff.  Id. ¶ 87.r.  Defendants Silva, Saffold, and Moorhouse returned and one of the individuals accused plaintiff of being aggressive towards kids.  Id. ¶ 87.s.  The officers conducted an investigation, "surrounded and detained" plaintiff while they spoke with him, and informed plaintiff that other individuals felt threatened by plaintiff's actions.  Id. ¶ 87.t.  The officers asked

plaintiff to leave the park, which he refused to do, and the officers then closed the park. Id.

Plaintiff alleges that he feared that Moorhouse, Saffold, and Silva would falsely detain or arrest him or otherwise continue to harm him and the presence of the officers dissuaded plaintiff from trying to identify any of the individuals who harmed plaintiff. Id. ¶ 87.u.  The officers left the park and the Walnut Creek Police Department did not investigate any of the crimes that plaintiff reported. Id. ¶¶ 87.v–w.  On April 22, 2018, plaintiff complained to defendant Chaplin about the foregoing events and the next day he asked defendants Conley and Moorhouse to reassure him that the Walnut Creek Police Department would provide honest services. Id. ¶¶ 89–90.  Defendants did not respond to his requests. Id.

Defendants now move to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). Dkt. 34.

**DISCUSSION**

**A.   Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

3

1  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).

**B.    Analysis**

    **1.    Second Claim: Violation of 42 U.S.C. § 1983**

Plaintiff's second claim is for deprivation of rights in violation of 42 U.S.C. § 1983 alleged against defendants in both their official and personal capacities.  FAC ¶¶ 40, 516–26.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393–94 (1989).

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and that the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).  The plaintiff must also allege facts showing that "the defendant's conduct was the actionable cause of the claimed injury;" that is, the plaintiff must establish both causation-in-fact and proximate causation.  Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996)).

/ / /

### a. Official Capacity Claims

Defendants argue that plaintiff cannot state a claim against them in their official capacity because naming state officials in their official capacity is merely an alternative way of pleading an action against the entity of which the defendant is an officer. Mtn. at 5.

The court agrees with defendants. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (quoting Monell v. N.Y.C. Dep't of Social Servs., 436 U.S. 658, 690, n. 55 (1978)). "As long as the government entity receives notice and an opportunity to respond, the official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. (citing Brandon v. Holt, 469 U.S. 464, 471–72 (1985)). However, this rule only applies to state officers sued for damages in their official capacity. See Hafer v. Melo, 502 U.S. 21, 27 (1991) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); see also Butler v. Elle, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002) ("Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded.").

Here, in addition to naming individual defendants in their official capacity, plaintiff also names the City of Walnut Creek as a defendant and alleges a violation of § 1983 based on a Monell theory of liability. Further, plaintiff alleges that the individual defendants were employees of the City of Walnut Creek. FAC ¶ 40. Therefore, to the extent plaintiff alleges federal claims against defendants in their official capacity, those claims are treated as claims against the City and are redundant. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("[I]f individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed. (citation omitted)).

Accordingly, defendants' motion to dismiss plaintiff's claims against the individual

5

defendants in their official capacities is GRANTED and the claims for damages are DISMISSED WITH PREJUDICE.

### b.     Individual Capacity Claims

#### i.     Claims Against Silva, Saffold & Moorhouse

The upshot of plaintiff's § 1983 claim appears to be that defendants[1] discriminated against plaintiff on the basis of his perceived disabilities, race, and/or sex.  FAC ¶ 521.  Defendants construe this claim as asserting a violation of Title II of the Americans with Disabilities Act ("ADA") and argue that the court should dismiss the claim because plaintiff has not alleged intentional discrimination on the part of defendants.  Mtn. at 16–17.

As an initial matter, it is not clear that plaintiff is alleging a violation of the ADA, despite the reference to his perceived disabilities.  Rather, because plaintiff contends he is part of a "protected class" and a "class of one," (FAC ¶ 521), the court construes plaintiff's § 1983 claim as one for violation of the Equal Protection clause of the Fourteenth Amendment.  See Dare v. California, 191 F.3d 1167, 1174 (9th Cir. 1999) ("Although disabled people do not constitute a suspect class, the Equal Protection Clause prohibits irrational and invidious discrimination against them." (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 446 (1985))).  A plaintiff may state an equal protection claim by alleging facts showing that the defendant discriminated against him/her based on membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009), or that similarly situated individuals were intentionally treated differently, Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601–02 (2008).

Plaintiff fails to allege he is a member of a suspect class based on his race, alienage, or national origin.  He only contends that he has physical and mental impairments that have substantially limited many of his major life activities.  FAC ¶ 6.  For

---

[1] The court notes that plaintiff alleges this claim against nearly all of the purported defendants he named in the FAC.

6

purposes of a Rule 12(b)(6) motion, the court accepts as true plaintiff's allegations of his disabilities and further accepts that plaintiff told Saffold and Silva of his anxiety disability. Id. ¶ 87.i. Yet, the allegations relating to defendants Silva, Saffold, and Moorhouse are devoid of any non-conclusory reference to plaintiff's disabilities. For example, plaintiff alleges that "[partly in further retaliation for my foregoing lawful acts, partly because of my disclosed disability, and party because to deter me from pursuing my legal remedies, SAFFOLD repeatedly threatened to issue me a citation for a non-existent license violation." Id. ¶ 87.l. However, he does not allege how defendant Saffold's threat (or any other action by defendants) was based on, or in any way connected to, his disability. In other words, plaintiff fails to allege facts that plausibly establish that defendants discriminated against him or that any purported discrimination was because of his membership in a protected class.

Accordingly, plaintiff fails to state a claim against Silva, Saffold, and Moorhouse for violation of 42 U.S.C. § 1983.

### ii.     Supervisory Capacity

Defendants contend that plaintiff's claims against Chief Chaplin should also be dismissed because plaintiff fails to allege that Chaplin personally participated in the deprivation of plaintiff's rights. Mtn. at 8.

Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676; see also Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc) ("Supervisors aren't vicariously liable for constitutional violations under section 1983."). "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 675; see also Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013) ("Vicarious liability may not be imposed on a supervisor for the acts of lower officials in a section 1983 action."). That is, supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. Iqbal, 556 U.S. at 683.

A supervisor may be liable only if he or she was personally involved in the

7

1  constitutional deprivation, or if there is a sufficient causal nexus between the supervisor's
2  alleged wrongful conduct and the constitutional deprivation.  See Crowley v. Bannister,
3  734 F.3d 967, 977 (9th Cir. 2013).  Under the latter theory, supervisory liability may exist
4  without overt personal participation if the supervisory officials implement a policy so
5  deficient that the policy itself is a repudiation of constitutional rights and is the moving
6  force of a constitutional violation.  Id.; see also Starr v. Baca, 652 F.3d 1202, 1208 (9th
7  Cir. 2011) ("A supervisor can be liable in his individual capacity for his own culpable
8  action or inaction in the training, supervision, or control of his subordinates; for his
9  acquiescence in the constitutional deprivation; or for conduct that showed a reckless or
10 callous indifference to the rights of others." (quoting Watkins v. City of Oakland, 145 F.3d
11 1087, 1093 (9th Cir. 1998))).
12         Here, the only allegation against defendant Chaplin is that plaintiff complained to
13 Chaplin on April 22, 2018 concerning the events of April 20th and Chaplin apparently has
14 not responded.  FAC ¶ 89.  Similarly, the only allegation relating to defendant Conley is
15 that plaintiff "asked CONLEY and MOORHOUSE to reassure me that the [Walnut Creek
16 Police Department] would provide honest services to me going forward and help me
17 informally resolve the problems that MOORHOUSE, SILVA, and SAFFOLD had caused.
18 To date, they have not done so."  Id. ¶ 90.  Plaintiff has not alleged that Chaplin or
19 Conley were present on April 20th at the park, nor has he established a predicate
20 constitutional violation that might support a supervisory liability theory.
21         For the foregoing reasons, defendants' motion to dismiss plaintiff's second claim is
22 GRANTED and the claim is DISMISSED WITHOUT PREJUDICE.
23         **2.      Third through Sixth Claims: Violations of 42 U.S.C. § 1985**
24         Plaintiff's third claim is for conspiracy to obstruct justice in violation of 42 U.S.C.
25 § 1985(2), his fourth claim is for conspiracy to injure person or property for enforcing
26 equal protection in violation of § 1985(2), his fifth claim is for conspiracy/acts to deprive
27 protected persons of equal protection/privileges & immunities in violation of § 1985(3),
28 and his sixth claim is for conspiracy/acts to prevent state authorities from securing equal

protection in violation of § 1985(3).  FAC ¶¶ 527–56.

"Section 1985 proscribes conspiracies to interfere with certain civil rights.  A claim under this section must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (citing Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); and Burnett v. Short, 441 F.2d 405, 406 (5th Cir. 1971)); see also Portman v. Cty. of Santa Clara, 995 F.2d 898, 908–09 (9th Cir. 1993) (citing elements of § 1985(2) claim including conspiracy); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing elements of § 1985(3) claim including conspiracy).

Defendants argue that plaintiff's conspiracy claims must be dismissed because the FAC fails to allege any specific facts regarding an agreement between two or more people, the scope of the alleged conspiracy, the roles of the conspirators, any overt act in furtherance of the conspiracy, or when the conspiracy occurred.  Mtn. at 11.

The court agrees with defendants for a few reasons.  First, the factual allegations concerning the actions of defendants Silva, Saffold, and Moorhouse on April 20, 2018 are devoid of any allegations of an agreement to conspire against plaintiff.  Second, the actions described in plaintiff's third through sixth causes of action are unrelated to the actions of defendants.  For example, plaintiff's fifth claim alleges that he is an individual with disabilities, multiple defendants discriminated against him based on upon his perceived disabilities, and defendants conspired for the purpose of depriving plaintiff of the equal protection of the laws.  FAC ¶ 543.  Yet, the allegations concerning defendants Silva, Saffold, and Moorhouse do not include any statement or action <u>by defendants</u> concerning plaintiff's disabilities.  Because there are no factual allegations concerning an agreement by any of the defendants to deprive plaintiff of his civil rights, plaintiff fails to state a claim under section 1985.

For the reasons stated, defendants' motion to dismiss plaintiff's third through sixth claims is GRANTED and the claims are DISMISSED WITHOUT PREJUDICE.

### 3. Seventh Claim: Failure to Prevent

Plaintiff's seventh claim is that each defendant knew of at least one of the foregoing wrongs conspired to be done in violation of § 1985, had the power to prevent or aid in preventing the commission of those wrongs, and neglected or refused to do so. FAC ¶ 559. Plaintiff alleges a violation of title 42 U.S.C. § 1986 for the failure to prevent violations of § 1985.

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Karim-Panahi, 839 F.2d at 626 (citing Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985)). Because plaintiff has not plausibly stated a predicate claim for violation of § 1985, he cannot state a claim for violation of § 1986.

Thus, defendants' motion to dismiss plaintiff's seventh claim is GRANTED and the claim is DISMISSED WITHOUT PREJUDICE.

### 4. Eighth Claim: Monell Liability

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory." Monell, 436 U.S. at 691. In order for a municipality to be held liable, it must have committed the constitutional violation pursuant to governmental custom or official municipal policy. Id. at 692.

"To establish municipal liability under Monell, [plaintiff] must prove that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." Lockett v. Cty. of Los Angeles, — F.3d —, No. 19-55898, 2020 WL 5867551, at *3 (9th Cir. Oct. 2, 2020) (citing Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011)). Plaintiff's Monell claim is "contingent on a violation of constitutional rights." Id. (quoting Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994)).

Here, plaintiff has not plausibly stated a claim for violation of his constitutional rights. It therefore follows that he cannot state a claim for violation of § 1983 under a Monell theory.

For the foregoing reasons, defendants' motion to dismiss plaintiff's eighth claim is GRANTED and the claim is DISMISSED WITHOUT PREJUDICE.

### 5. State Law Claims

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The party invoking the court's jurisdiction bears the burden of establishing that it is proper. See id. Plaintiff's FAC cites title 28 U.S.C. § 1331 as providing for subject matter jurisdiction over his federal claims and title 28 U.S.C. § 1367(a) as providing supplemental jurisdiction over his state law claims. FAC ¶¶ 64–65.

As demonstrated above, plaintiff's second through eighth causes of action fail to state a claim. Plaintiff's remaining forty claims are all based in state law. The court has no diversity jurisdiction over this case because plaintiff alleges that both he and defendants are either citizens of California or, in the case of the City of Walnut Creek, a California municipal corporation. FAC ¶¶ 6, 14, 40. Thus, the only basis to assert jurisdiction over plaintiff's state law claims is through the supplemental jurisdiction statute, 28 U.S.C. § 1367. Under § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over plaintiff's state law claims where "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

In this case, because plaintiff fails to state a claim for any violation of federal law, the court declines to exercise supplemental jurisdiction over his remaining state law claims. Further, it is unclear whether plaintiff's state law claims satisfy § 1367(a)'s requirement that the state law claims are "so related" to the federal question claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). As discussed below, plaintiff's FAC describes a wide swath of conduct, most of which is unrelated to

11

the defendants in this case.  Thus, even if the court had original jurisdiction over some of plaintiff's claims, the other allegations do not clearly derive from a common nucleus of operative facts such that they would be expected to be tried in one judicial proceeding. See Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855 (9th Cir. 2004) (citation omitted).

For the foregoing reasons, plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

### 6. The FAC Also Fails Rule 8(a)(2)

Plaintiff's FAC also fails to state a claim for an independent reason.  Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  "Although normally 'verbosity or length is not by itself a basis for dismissing a complaint,' [courts] have never held . . . that a pleading may be of unlimited length or opacity." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008)).  "While the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Id. at 1059 (internal quotations and citation omitted).

Here, plaintiff's FAC is 608 pages of prolix and confusing allegations.  The length and confusing nature of the pleading prejudices defendants because the FAC burdens them "with the onerous task of combing through a [608]-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." Id.  Moreover, plaintiff has already been warned in other cases that his pleadings are largely incomprehensible and excessively long and several judges have dismissed his complaints on that basis.[2]  See

---

[2] The court also notes that plaintiff is facing a vexatious litigant motion in a different proceeding in this district.  See Wilson v. Leigh Law Grp., P.C. (LLG), et al., 20-cv-3045-

Wilson v. Cty. of Contra Costa, et al., 20-cv-4160-WHA, Dkt. 38; Wilson v. Mount Diablo Unified Sch. Dist./Special Educ. Local Plan Area (Diablo), et al., 20-cv-3368-MMC, Dkt. 30; Wilson v. Mount Diablo Unified Sch. Dist., et al., 18-cv-3973-JD, Dkt. 24.

The foregoing reasons confirm that plaintiff's FAC must be dismissed. "Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso, 637 F.3d at 1058 (citation omitted). In his opposition, plaintiff avers that he can add more facts in a second amended complaint. Dkt. 55 at 6. He also stated his intent to file and serve complaints to include at least 291 defendants and to add more and further specify relevant facts that span more than 11 years in this action and others. Id.

Because the court has not previously addressed the deficiencies in plaintiff's complaint, the court will permit leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). However, plaintiff must adhere to the requirements of Rule 8; he must allege simple, concise, and direct allegations and his pleading must contain a short and plain statement why he is entitled to relief. Further, no additional claims or defendants will be permitted without leave of the court or agreements of all defendants.

**7.     Ex Parte Motion to Extend Time to File Opposition**

Defendants' motion to dismiss has been pending since August 3, 2020 and plaintiff's opposition was initially due on August 17, 2020. Dkt. 34. Plaintiff instead filed an appeal on August 10, 2020, (Dkt. 40), which was soon dismissed for lack of jurisdiction, (Dkt. 44). The court then reset the briefing schedule on defendant's motion with plaintiff's opposition due October 13, 2020. Dkt. 46. Plaintiff then filed his first ex parte motion to extend the deadline to file his opposition, (Dkt. 49), which the court denied, noting that plaintiff has had ample time to file an opposition and "[n]o further extension shall be considered absent good cause," (Dkt. 51 at 1).

---

MMC, Dkt. 17.

Plaintiff has now filed a renewed ex parte application to extend time to file his opposition, (Dkt. 53), which defendants oppose, (Dkt. 54). Subsequent to this motion, plaintiff also filed an "incomplete" opposition to the motion to dismiss. Dkt. 55. Plaintiff has not demonstrated good cause necessary to extend time for him to file an opposition and, in any case, his filing of an opposition (even one he considers "incomplete") moots his request.

Accordingly, plaintiff's ex parte motion to extend time to file an opposition is DENIED AS MOOT.

## CONCLUSION

For the reasons stated, defendants' motion to dismiss is GRANTED and plaintiff's claims are DISMISSED WITHOUT PREJUDICE, with the exception of plaintiff's claims against the individual defendants sued in the official capacity for damages, which are DISMISSED WITH PREJUDICE. Plaintiff shall file any amended complaint, if any, within 21 days of the date of this order. No new parties or causes of action may be pleaded without leave of court or the agreement of all defendants.

**IT IS SO ORDERED.**

Dated: November 3, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge